IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND
NORTHERN DIVISION

PAUL G. WERSANT

    Plaintiff                                             Case No. 1:25-cv-03450

vs.

104 CHURCH STREET, LLC
IONIA BATES,
KEVIN BATES,
M&A PROPERTY RENTALS, LLC

    Defendants.
_____/

## **COMPLAINT**

1. Plaintiff Mr. Wersant is an individual, domiciled in and a citizen of California under 28 U.S.C. § 1332 (a)(1), who has standing to bring this case at all times relevant.

2. Defendant 104 Church is a limited liability company, whose sole members are Ionia and Kevin Bates individuals domiciled in and a citizens of Maryland under 28 U.S.C. § 1332 (a)(1) as shown the records of SDAT.

3. Defendant M&A is a limited liability company, whose sole member is Michael Bridgett, who is also its registered agent, as shown by the records of SDAT.

4. Jurisdiction exists under 28 U.S.C. § 1332 (a) (1), as the parties are diverse and the sum in controversy exceeds $76,000.00 such as damages with fees and interest and the value of the equitable relief and real property at issue. Under 28 U.S.C. § 1367, jurisdiction exists on all claims in this case, so related to form part of this case or controversy, including those arising under state law.

5. Under 28 U.S.C. §§ 1391 and 100, venue is proper as substantial events or omissions occurred or were directed here, such as Plaintiff's injuries, resulting from work performed here on behalf of the Defendants who did business here and reside here as detailed below.

## BACKGROUND FACTS: THE PROPERTY

6. This action concerns real estate known as 104 Church Street, New Windsor MD 27117, containing seven [7] residential units with an SDAT Tax ID No. of 11009581, more particularly described in a deed recorded at Carroll County Deed Book 5113, Page No. 428 *et seq.* including all leases, contracts, licenses, permits and the like. (The "Property").

7. On 02/28/05, Blue Ridge Title conducted the sale of the Property from Ashlyn Management LLC to Pamsi LLC, a DE Series LLC, located at the Property, at which Blue Ridge verified and confirmed all documents relating to Pamsi's formation and good standing in DE under a deed recorded on 03/04/05, Book 4339, Page 5481 *et seq*.

8. The sale of the Property was financed by a Purchase Money Deed of Trust for $188,000.00 dated 02/28/05, executed by Pamsi, and 104 Church for the benefit of Manufacturers and Traders Trust Company, recorded 02/28/05, Book 4339, Page 0587 *et seq*.

9. Pamsi and 104 Church are allegedly owned by Mr. and Mrs. Bates who also executed the Deed of Trust as Pamsi's members as shown by the signature page of this Deed.

10. On 12/01/06, Blue Ridge executed a Corrective Deed for the Property to correct the name of owner of the Property from Pamsi to 104 Church LLC, a DE Series LLC, recorded on 01/10/07 at Deed Book 5113, Page 428 *et seq*.

11. On 08/09/04, Pamsi was organized with the DE Secretary of State, File No. 3839920.

12. However, the records of the DE Secretary of State do not show 104 Church LLC was organized there as represented by Mr. and Mrs. Bates, as shown by a precise copy of the records of the DE Secretary of State referenced at https://icis.corp.delaware.gov/ecorp/entitysearch/namesearch.aspx

General Information Name Search

Required Field
Entity Name:                                                                File Number:

**104 Church Street**

[This field is not case sensitive.]

[For exact searches use quotation marks.]

**No Records Found.**

| FILE NUMBER | ENTITY NAME |

The intent of this tool is to provide general entity details. The Division of Corporations strictly prohibits mining data. Excessive and repeated searches that may have a negative impact on our systems and customer experience are also prohibited. Use of automated tools in any form may result in the suspension of your access to utilize this service.

13. On 06/20/23, Blue Ridge executed an alleged Deed of Distribution for the Property from 104 Church to Mr. and Mrs. Bates, recorded on 06/23/23 at Book 11058, Page 183-186.

14. However, 104 Church LLC was not organized until 09/25/24 through Connie Tansill, 6501 Springwater Court, Frederick, MD, 21701 under its Articles of Organization filed with SDAT

15. Therefore, the 06/20/23 Deed is legally invalid due to the absence of a valid grantor.

16. Defendants 104 Church, Mr. and Mrs. Bates allegedly rented the units in the Property to individual tenants, which they used as investment property.

17. Defendants 104 Church and Mr. and Mrs. Bates then attempted to sell the Property to High Ground Real Estate LLC, through Ruben Rakovsky, a real estate agent, MD Reg No. 646648, who sent a Letter of Intent to 104 Church Street through Mr. Bates, to purchase it for $540,000.00, with $10,000.00 paid within 2 days after the execution of the Contract of Sale, with the balance paid at closing and the money held in escrow by Lawyers Express Title Company [Letter of Intent, ¶ 1-3].

18. 104 Church would retain the Deposit as liquidated damages upon default by High Ground which had the right to its return only after notice and cure or specific performance upon default of the Contract of the Sale of the Property by 104 Church. [Letter of Intent, ¶ 3].

19. The Closing on the Property was to occur in Maryland within 75 days after the Contract's execution date which High Ground could extend up to 30 days upon payment of $10,000.00 based upon notice at least 15 days before the proposed closing date [Letter of Intent, ¶ 4].

20. The Closing was contingent upon High Ground's completion of a 45-day study period for the Property and 104 Church Street LLC would provide a complete rent roll for all tenants in the Property, a copy of its Articles of Organization and Operating Agreement, any amendments to them and all required information for the Property and High Ground could terminate the Contract by the expiration of the Study Period [Letter of Intent, ¶ 5].

21. The Letter of Intent stated that it may be assigned but that the assignor remained liable for the sale of the Property until the Closing Date and High Ground may designate an entity to take title to the Property and 104 Church would cause each record owner of the Property, namely Mr. and Mrs. Bates, to each sign a deed for the transfer of the Property [Letter of Intent, Para. 16].

22. The Letter of Intent clearly states that time was of the essence in the transaction for the sale of the Property [Letter of Intent, ¶ 17].

23. 104 Church, Mr. and Mrs. Bates proceeded with the sale of the Property based upon the terms of the Letter of Intent as set forth here, who emailed a proposed Contract for the Sale of the Property to Rubin Rakovsky, the owner of High Ground on 05/01/23.

24. The Defendants drafted the Contract for the Sale of the Property without legal advice by an attorney, an unwise decision which resulted in state court litigation as shown here.

25. High Ground and Mr. Rakovsky had Stuart Kaplan, their counsel re-draft the Contract which they emailed to 104 Church, Mr. and Mrs. Bates as detailed in emails dated 05/01/23, 05/03/23.

26. The re-drafted Contract restated the Letter of Intent but included terms that were one-sided in favor of High Ground, which 104 Church and Mr. Bates still signed but Mrs. Bates did not.

27. Mr. and Mrs. Bates clearly believed 104 Church still had an ownership interest in the Property as of May 2023 as shown by their correspondence with High Ground and Mr. Rakovsky and their counsel, as they later admitted to Mr. Wersant and Ms. Vo.

28. However, High Ground and Mr. Rakovsky then did not respond to 104 Church and Mr. and Mrs. Bates essentially during 6/23, whose title company, Lawyers Express Title, instructed Mr. and Mrs. Bates to assign the Contract from 104 Church to themselves for the purpose of conducting the Closing after High Ground and Mr. Rakovsky finished inspecting it.

29. However, Lawyers Express Title then decided by the end of June 2023 that assignments of the Contract from 104 Church to Mr. and Mrs. Bates were legally invalid, meaning that 104 Church Street still had an ownership interest in the Property.

30. On 06/28/23, Mr. Rakovsky then wrote 104 Church, Mr. and Mrs. Bates, who proposed they reduce the price of the Property by $54,000.00 in order to proceed with the Closing, which was unacceptable to 104 Church and Mr. and Mrs. Bates, and the Closing did not occur.

31. On 06/30/23, Mr. Kaplow issued a demand letter to Mr. Bates and 104 Church Street, claiming they were in breach of the Contract and threatened litigation within 10 days of the date of this letter if the Closing did not occur by then.

32. On 07/07/23, Mrs. Bates responded to the demand letter and noted that she never signed the Contract, despite owning a one-half interest in the Property, and that Mr. Bates suffered from dementia, meaning the Contract was legally invalid.

### THE MARYLAND CASE AND MR WERSANT'S REPRESENTATION

33. Mr. Rakovsky then had Mr. Stuart sue 104 Church LLC and Mr. and Mrs. Bates for specific performance of the Contract, Carroll County Circuit Court Case No. 6-CV-00319, which Mr. Stuart attempted to serve upon 104 Church and Mr. and Mrs. Bates through her elderly parents on 7/21/23, with whom they never resided [the Maryland Case].

34. 104 Church, Mr. and Mrs. Bates then hired counsel, Andrew Cole, to file a Motion to Dismiss the Maryland Case, based upon invalid service and failure to state a claim, which he did on 09/08/23 after which Mr. Kaplow filed a response on 9/22/23.

35. However, Mr. and Mrs. Bates were dissatisfied with Mr. Cole's representation of them, and they contacted Mr. Wersant, who had successfully defended Mrs. Bates in a complex state court case in 2004, Frederick County District Court Case No.

36. On 12/06/23, 104 Church and Mr. and Mrs. Bates retained Mr. Wersant and his law clerk, Diane Vo, JD under a Retainer agreement they signed that day, stating (a) they retained him to conduct all matters necessary to resolve the Maryland Case regarding the Property (b) they are responsible for all his legal fees, expenses and disbursements, billable at the rate of $650.00 per hour (d) who agreed to pay all incurred, reasonable expenses and costs of managing, settling or litigating the Maryland Case, travel expenses, food and lodging and other expenses such as Ms. Vo's billable time.

37. Mr. Wersant appeared in the Maryland Case, obtained a continuance on a hearing for the Motion to Dismiss until May 2023 and then travelled to Maryland for that hearing.

38. At the hearing, Mr. Wersant attempted to resolve the case with Mr. Kaplow but could not as Mrs. Bates and Ms. Vo observed and can confirm.

39. Mr. Wersant withdrew the Motion to Dismiss in order to resolve the case on its merits.

40. Mr. Kaplow then attempted to file a Motion for Default against 104 Church and Mr. and Mrs. Bates which Mr. Wersant opposed by filing a detailed Answer and Counterclaim and Third Party Complaint for Mr. and Mrs. Bates on 06/2/23 which they approved along with a Motion for Sanctions against High Ground filed by Mr. Wersant.

41. The Maryland Court denied the Motion for Default due to the Answer/Counterclaim.

42. 104 Church, Mr. and Mrs. Bates approved the Answer, Counterclaim and Third-Party Complaint drafted by Mr. Wersant with Ms. Vo's assistance, which sought (a) $30,000.00 in damages

6

against High Ground for failing to close on the Contract (b) damages against High Ground, Mr. Radowsky and Mr. Kaplow for fraud (c) recission of the Contract (d) damages against Lawyers Express Title for its gross negligence.

43. The Answer, Counterclaim and Third Party Complaint resulted in the closing and dismissal of the Maryland Case, the objective of the excellent representation of Defendants in it by Mr. Wersant with Ms. Vo's fine assistance, as shown here.

44. However, 104 Church, Mr. and Mrs. Bates unjustifiably refused to pay Mr. Wersant under the Retainer, who failed to respond to and admitted emails and texts from him and Ms. Vo for its payment, as set forth in Mr. Wersant's 08/24/24 email to Mrs. Bates which confirmed the Maryland Case was closed due to his efforts and Ms. Vo, and those sent 08/26/24 and 08/28/24.

45. Mrs. Bates ceased communicating with Mr. Wersant and Mrs. Vo since at least 10/24.

46. On 4/03/25, Mr. and Mrs. Bates allegedly sold the Property to Defendant M&A under a Deed recorded 04/11/25 at Carroll County Book 11453, Page 233, which omitted 104 Church Street LLC and is legally invalid due to the above issues of 104 Church's organization in DE and MD and the issues of tile to the Property, of which M&A had actual, implied or constructive notice.

47. This invalid transfer of the Property was made subject to Mr. Wersant's lien on it for his unpaid invoices as provided by law as M&A is the alleged, but invalid successor in interest to the Property of 104 Church and Mr. and Mrs. Bates

48. M&A purchased the Property with actual, implied and constructive notice of the above issues and of legal representation provided by Mr. Wersant regarding the Property in the Maryland Case and his related lien on it and a lien on it by the first attorney for 104 Church, Mr. and Mr. Bates, sufficient to require M&A to investigate these issues as shown here, which it did not.

49. M&A ratified and accepted the benefits of Mr. Wersant's legal representation of 104 Church and Mr. and Mrs. Bates under the Retainer, enabling it to allegedly purchase the Property from

them and which should be held liable for the debt due and owing to Mr. Wersant under which the Property is subject to foreclosure along with other property and assets of the Defendants as necessary.

50. On 09/11/25, Mr. and Mrs. Bates dissolved 104 Church Street LLC, as shown by the records of SDAT as part of the above invalid transfer of the Property.

51. Plaintiff owns, holds and has standing to enforce the Retainer and any related claims prior to the filling of this case.

52. All conditions precedent to suit to occurred, are fulfilled, or waived, or their occurrence or fulfillment was unnecessary or futile.

## COUNT I: JUDICIAL FORECLOSURE
## AS TO ALL DEFENDANTS

53. The Retainer binds all recipients and beneficiaries of Mr. Wersant's representation of the Defendants in the Maryland Case and encumbers the Property, which Mr. Wersant saved for 104 Church and Mr. and Mrs. Bates through the work of himself and Ms. Vo, a JD since 1993.

54. The Defendants adopted, ratified and benefitted from the Retainer and the work done by Mr. Wersant and Ms. Vo on the Maryland Case, retaining its benefits, subject to the Retainer.

55. The unpaid balance of the Retainer for the time of Mr. Wersant and Ms. Vo should be paid by 104 Church and Mr. and Mrs. Bastes to which the Property is subject of which M&A had notice, ratified and for which it should be held liable as shown above.

56. Mr. Wersant requires enforcement of the Retainer and its debt against Defendants and the Property, based upon its intent and equitable principles, which will not prejudice the Defendants for which there is no adequate legal remedy given these matters

57. Defendants breached the Retainer failed to make payments under it or did not comply with it, now in default and still in force and effect and Mr. Wersant accelerated its unpaid balance by bringing this case after the notices of himself and Ms. Vo to 104 Church, Mr. and Mrs. Bates.

58. All interests in the Property are subject to, subordinate and inferior to Mr. Wersant's interest in the Property including those of the Defendants.

59. Under 28 U.S.C. § 2201 and § 2001 *et seq*, Md. Real Prop. Code Ann. § 14-101 *et seq*, Md. Rule 14-204, 14-301 *et seq* and applicable law, Plaintiff requests a judgment and decree, declaring and establishing his senior interest under the Retainer in all property and assets of the Defendants, of at least the Property, judicially foreclosing his lien in the Property, its fixtures, appurtenances, rents, contents and insurance, in which all other claims and interests are inferior, subordinate, barred, foreclosed, quieted to all right, title, interest and equity of redemption, granting all just relief.

## COUNT II: POSSESSION
## AS TO ALL DEFENDANTS

60. Defendants are in possession of the Property, to which Mr. Wersant or any purchaser is entitled post-sale possession.

61. Under Md. Rule 14-102, Fed. R. Civ. P. 64, Mr. Wersant requests a post-sale decree of possession, removing Defendants from and awarding possession of the Property to him or any other purchaser at sale and granting all just relief.

## COUNT III: BREACH OF CONTRACT
## AS TO ALL DEFENDANTS

62. Defendants consented to and ratified the Retainer by accepting the benefits of Mr. Wersant's legal work in the Maryland Case along with Ms. Vo, for which they are jointly indebted.

63. Defendants breached the Retainer, failed to make payments on it, did not otherwise comply with its terms, which is now in default and due as shown by its unpaid invoices.

64. Mr. Wersant accelerated the principal balance of his defaulted Retainer, of which the Defendants had notice, or notice was not required or is futile, which provide for fees and costs.

65. Mr. Wersant requests judgment for his damages on the Retainer against the Defendants in principal sum exceeding $76,000.00, interest, costs, charges, just relief such as his other remedies.

## COUNT IV: UNJUST ENRICHMENT
## AS TO ALL DEFENDANTS

66. Defendants 104 Church, Mr. and Mrs. Bates induced and encouraged Mr. Wersant to confer the benefits of his representation upon them of which Defendant M&A adopted and ratified directly, or subsequently which Mr. Wersant provided and Defendants appreciated, consented to, benefited from and ratified.

67. Defendants retained the benefit of Mr. Wersant's representation in the Maryland Case which should be paid who are otherwise enriched by them at Plaintiff's expense.

68. Plaintiff is entitled to prejudgment interest and other costs and charges provided by law.

69. Mr. Wersant requests judgment against the Defendants for the debt at issue, in a principal sum in excess of $76,000.00, costs and all just relief, such as his other remedies.

70. Defendants are not minor(s) or adjudged incompetent; were not in the military for the last 30 days and are not subject to protection per 50 U.S.C. § 3901.

Respectfully submitted this 20th day of October.

By: */s/Paul G. Wersant*
Paul G. Wersant, *Pro-Se*
40575 Cal. Oaks Rd, Suite D-2
Murrieta, California 92562
Telephone: (678) 894-5876
Email: pwersant@gmail.com