## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| PAUL G. WERSANT, | * | |
| Plaintiff | * | |
| v. | * | CIVIL NO. JKB-25-3450 |
| 104 CHURCH STREET, LLC, et al., | * | |
| Defendants. | * | |

\*    \*    \*    \*    \*    \*    \*    \*    \*    \*    \*    \*

## MEMORANDUM AND ORDER

Pending before the Court is Plaintiff's Motion to Vacate Order of Dismissal. (ECF No. 8.) Plaintiff filed his Complaint on October 20, 2025. (ECF No. 1.) On November 4, 2025, he was granted 21 days to complete the U.S. Marshals forms and return them to the Clerk (ECF No. 5), but he failed to do so (*see* ECF No. 6). On December 11, 2025, he was directed to show cause why the case should not be dismissed (*id.*), but he did not respond (*see* ECF No. 7). On January 6, 2026, the Court dismissed the case. (*Id.*) On August 1, 2026, Plaintiff filed the instant motion, seeking that the case be reopened. (ECF No. 8.) He explains that he was rendered temporarily homeless on November 22, 2025, and that he was arrested and detained without bond on December 2, 2025, until the charges were dismissed. (*Id.* at 1.) He also explains that his computer was only returned to him on July 30, 2026, by the Stuart Police Department. (*Id.* at 2.) He provides docket sheets and an email reflecting an appointment with the police department for the return of his property. (ECF Nos. 8-1–8-3.)

Under Federal Rule of Civil Procedure 60(b)—the Rule pursuant to which Plaintiff seeks relief—"a moving party must first show (1) that the motion is timely, (2) that he has a meritorious claim or defense, and (3) that the opposing party will not suffer unfair prejudice if the judgment is

set aside." *United States v. Welsh*, 879 F.3d 530, 533 (4th Cir. 2018). "The party must also satisfy one of six enumerated grounds for relief under Rule 60(b)."

The Motion will be granted. The Motion is timely, having been apparently filed two days after he received his computer from the police department. *See Boshea v. Compass Mktg., Inc.*, Civ. No. ELH-21-309, 2025 WL 3559193, at \*12 (D. Md. Dec. 12, 2025) ("What constitutes reasonable time necessarily depends on the facts in each individual case.") (internal quotation marks and citation omitted). The Court also concludes that Plaintiff has a meritorious claim, given that his claims do "not obviously lack merit." *Id.* (internal quotation marks and citation omitted). Further, the Court does not discern unfair prejudice to the Defendants. *See id.* \*13 ("To constitute unfair prejudice, the harm must be more than 'the inevitable result whenever a judgment is vacated.'" (quoting *Nat'l Credit Union Admin. Bd. v. Gray*, 1 F.3d 262, 265 (4th Cir. 1993)).) Finally, the Court concludes that Plaintiff satisfies the sixth enumerated ground under Rule 60(b), which provides that "[o]n motion and just terms, the court may relieve a party or its legal representative from a final judgment, order, or proceeding for the following reasons: . . . (6) any other reason that justifies relief." The circumstances surrounding Plaintiff's inability to comply with the Court's prior orders were unusual, and he appears to have been diligent in responding to the Court upon his release from detention and his receipt of his computer.

Accordingly, it is ORDERED that

1. The Motion to Vacate (ECF No. 8) is GRANTED and the case is REOPENED.

2. The Clerk SHALL SEND a copy of this Order, together with four (4) copies of the marshal forms to Plaintiff.

3. Plaintiff IS GRANTED 14 days from the date of this Order in which to complete the U.S. Marshal forms and return them to the Clerk. Plaintiff is

cautioned that the failure to return the completed marshal forms in a timely and complete manner may result in the dismissal of this case without prejudice and without further notice from the Court.

4.  Upon receipt of the U.S. Marshal forms, the Clerk SHALL ISSUE Summons and forward the same, together with the Complaint, the U.S. Marshal forms, and a COPY OF THIS ORDER to the U.S. Marshal.

5.  The U.S. Marshal IS DIRECTED to effectuate service of process on Defendants at the addresses provided by Plaintiff. If the U.S. Marshal uses U.S. Postal Service delivery to effect service on Defendants, it shall do so by RESTRICTED DELIVERY, CERTIFIED MAIL.

DATED this ___4___ day of August, 2026.

BY THE COURT:

James K. Bredar
United States District Judge